IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § § § | |
| Plaintiff, | § § | **CIVIL ACTION NO. 6:16-CV-00086-RWS** |
| v. | § § | |
| **HEWLETT PACKARD ENTERPRISE CO., HP ENTERPRISE SERVICES, LLC** | § § § § § | |
| Defendants. | | |

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § § | |
| Plaintiff, | § § § | **CIVIL ACTION NO. 6:16-CV-00087-RWS** |
| v. | § § § | |
| **VERITAS TECHNOLOGIES LLC, SAVVIS COMMUNICATIONS CORPORATION,** | § § § § | |
| Defendants. | | |

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § § | |
| Plaintiff, | § § § | **CIVIL ACTION NO. 6:16-CV-00089-RWS** |
| v. | § § § | |
| **DELL INC., EMC CORPORATION,** | § § § | |
| Defendants. | § § | |

1

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Realtime Data, LLC's ("Realtime") Motions to Lift the Stay in the above-captioned matters. (Case No. 6:16-cv-86, Doc. No. 96; Case No. 6:16-cv-87, Doc. No. 117; Case No. 6:16-cv-89, Doc. No. 124.)[1] Defendants have filed corresponding responses. (Case No. 6:16-cv-86, Doc. No. 100; Case No. 6:16-cv-87, Doc. No. 122; Case No. 6:16-cv-89, Doc. No. 130.) For the reasons set forth herein, Realtime's Motions (Case No. 6:16-cv-86, Doc. No. 96; Case No. 6:16-cv-87, Doc. No. 117; Case No. 6:16-cv-89, Doc. No. 124) are **GRANTED** as set forth herein. The Court **ORDERS** that the claims as to U.S. Patent Nos. 7,415,530 ("the '530 Patent"), 9,116,908 ("the '908 Patent"), and 9,054, 728 ("the '728 Patent") be **SEVERED** into new causes of action. The above-captioned actions shall otherwise remain stayed and the Clerk of Court is directed to administratively close the above-captioned cases.

## BACKGROUND

Realtime filed a first set of cases related to these matters on May 8, 2015. *See Realtime Data LLC d/b/a IXO v. Actian et al.*, No. 6:15-cv-463 (E.D. Tex. May 8, 2015) (lead case) ("*Actian* action"). On February 26, 2016, Realtime filed the above-captioned cases, asserting two of the same patents asserted in the *Actian* actions and two additional patents. *See Actian* action, Doc. No. 1; (Doc. No. 1.) Realtime filed suit against Dell and HPE in both the *Actian* actions and the above-captioned cases. In October 2016, pursuant to Realtime and Dell's joint request, the Court consolidated the two suits against Dell to proceed on the schedule for the above-captioned cases. *See Actian* action, Doc. No. 406 (Oct. 11, 2016.); (Case No. 6:16-cv-89, Doc. No. 1.) In November 2016, pursuant to Realtime and HPE's joint request, the Court similarly consolidated the two suits against HPE to proceed on the schedule for the above-captioned cases. (*See* Doc.

---

[1] Because the filings in the three above-captioned cases are identical, citations herein will be to the briefing in Cause No. 6:16-cv-86 unless otherwise noted.

No. 74.) Realtime was asserting a total of seven patents against Defendants in the above-captioned actions: five patents that were first asserted in the *Actian* action: the '530 Patent; the '908 Patent; U.S. Patent No. 8,643,513 ("the '513 Patent"); U.S. Patent No. 7,378,992 ("the '992 Patent"); and U.S. Patent No. 6,597,812 ("the '812 Patent"), as well as two additional patents (U.S. Patent No. 7,161,506 ("the '506 Patent") and the '728 Patent. (collectively the "Asserted Patents"). (Doc. No. 76, at 8.)

In April and May 2016, various Defendants in the above-captioned actions began filing petitions for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), seeking cancellation of multiple claims of the Asserted Patents pursuant to 35 U.S.C. § 311 and 37 C.F.R. §§ 42.1 *et seq*. On February 3, 2017, the Court granted Defendants' motions to stay these actions pending IPR. (Doc. No. 89.) Since that time, the Court has sought regular status updates from the parties. *See, e.g.*, Doc. Nos. 94, 97. Most recently, the parties' joint status report indicated that the PTAB had issued final written decisions finding that the Petitioners have shown by a preponderance of the evidence that the asserted claims are unpatenable as to the '812, '513, '992, and '506 Patents, but finding that the Petitioners did not show by a preponderance of the evidence that the asserted claims of the '908, '530, and '728 Patents are unpatentable. (Doc. No. 97.) Accordingly, Realtime filed the instant motions to lift the stay as to the '908, '530, and '728 Patents. Defendants oppose.

**LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Courts decide requests to stay or lift a

stay on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks."). In deciding whether to stay a given action or lift the stay of an already-stayed action, the court considers three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

**DISCUSSION**

Realtime contends that because the PTAB has now issued final written decisions confirming the patentability of the asserted claims of the '530, '908, and '728 Patents, the Court should lift the stay as to these patents. (Doc. No. 96, at 10.) Defendants contend that the Court should keep the stay in place during the pendency of appeal so as to avoid a waste of resources if any of the appeals are ultimately successful. (Doc. No. 100, at 4.)

*a. Prejudice*

Realtime argues that these cases have already been stayed for over fifteen months and would be stayed at least another thirteen months if the Court waited for all of the appeals of the IPRs to be exhausted. (Doc. No. 96, at 6.) Therefore, Realtime argues that the stay should be lifted now as to the '530, '908, and '728 Patents to lessen the prejudice that Realtime has already suffered. *Id.* at 7. Defendants argue that Realtime's argument boils down to just timely enforcement of its patent rights, and that such an argument is insufficient to lift a stay standing alone. (Doc. No. 100, at 15.)

4

Here, while Realtime argues that the timely enforcement of its patents and preservation of documents and evidence are being prejudiced by a stay, the Court notes that this concern is general in nature and the enforcement of any patent rights will suffer delay from a judicial stay. *See Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (finding that the concern of loss of documentary and testimonial evidence during a continued stay "is entitled to some weight, although the Court notes that the concern is general in nature, rather than specific…"); *see also Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C10-04645RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012) ("delay by itself does not necessarily constitute undue prejudice, as nearly every judicial stay involves delay"). However, this case has already been stayed for over seventeen months while the PTAB issued final written decisions on all seven patents. The additional prejudice that would be suffered if this case were to remain stayed on the patents that were affirmed by the PTAB in final written decisions is considerable. *See Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 212CV02319TLNEFB, 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016) (finding "the additional delay that would be incurred by continuing the stay pending exhaustion of appeals is significant"); *see also Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11CV492, 2015 WL 11439060, at *5 (E.D. Tex. Jan. 5, 2015) ("the additional delay that would be incurred by maintaining the stay pending exhaustion of appeals is considerable."). As Realtime has indicated, and Defendants do not contest, that additional delay could be longer than thirteen months, waiting on the mere possibility that the Federal Circuit may reverse a final written decision of the PTAB. For these reasons, the Court finds that this factor favors lifting the stay.

    b. *Simplification of Issues*

Realtime argues that further simplification of issues from a continued stay is highly unlikely because final written decisions have now issued on all seven patents triggering statutory estoppel under 35 U.S.C. § 315(e). (Doc. No. 96, at 8.) Realtime further argues that the mere possibility that the asserted claims could be invalidated or amended on appeal is too speculative to be given much weight. *Id.* at 9. Defendants argue that the issues can be further simplified by the finality of an appeal because if Realtime were successful on any of its appeals as to the '992, '506, and '513 Patents, there would have to be a nearly duplicative trial on those patents. (Doc. No. 100, at 11.) Defendants further argue that if they are successful on any of their appeals then lifting the proceedings as to the '530, '908, and '728 Patents would be needless. *Id.* at 12.

Here, the arguments for simplification are completely contingent on the possibility that a final written decision of the PTAB would be reversed by the Federal Circuit. Such arguments are far too speculative to be given significant weight. *See Network-1,* 2015 WL 11439060, at *3 ("that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight."); *compare also Smart Modular*, 2016 WL 5159524, at *3 ("[t]hat Defendant has already filed its appellate brief and is awaiting the final decision to be rendered by the PTAB does not alter this conclusion because Defendant has not shown that the appeal will result in a reversal of the PTO examiner's decision.").

Moreover, any party accused of infringement in federal court who wishes to challenge the asserted claims as unenforceable must recognize that they are afforded the choice to either proceed in federal court with their defenses or challenge those claims with the PTAB. For the Defendants accused of infringement in the above-captioned actions, they chose the path of challenging asserted claims before the PTAB. This Court granted them a stay to pursue that right. *See* Doc. No. 89. However, those defenses have now all reached conclusion before the

PTAB in rendered final written decisions. Defendants are indeed bound by the statutory estoppel provisions of those decisions. *See* 35 U.S.C. § 315(e)(2) ("[t]he petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a)…may not assert…in a civil action…the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."). Thus, the significance of simplification from PTAB proceedings has been realized and any further simplification from an appeal is merely speculative and would only cause further delay. Therefore, this factor weighs in favor of lifting the stay.

   *c. Status of Case*

Realtime notes that the Court had previously entered foundational orders prior to the stay and that the stay should be lifted so that these cases can proceed to a speedy resolution. (Doc. No. 96, at 10.) Defendants argue that these cases are in their nascent stages and that no meaningful discovery has occurred. (Doc. No. 100, at 17–18.)

Prior to the stay of these actions, a schedule was in place in this case, trial was set for January 22, 2018, and the parties had begun working towards claim construction. (Doc. No. 81.) Thus, while these cases were in the beginning stages, the Court sees no reason as to why the cases cannot resume as to the '530, '908, and '728 Patents, starting with the claim construction process. Should anything change with the pending appeals or any additional pending petitions, the parties are free to seek leave of court at that time so that the schedule can be adjusted as necessary to streamline the cases for trial. Indeed, the Court finds the more prudent course of action is to proceed with the asserted claims affirmed by the PTAB at this time rather than to wait on any speculative change on appeal and instead make any necessary adjustments to the schedule as the need arises. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d

842, 848–49 (Fed. Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets."). Therefore, the Court finds this factor neutral.

## CONCLUSION

For the reasons set forth herein, and upon weighing of the relevant factors, the Court **GRANTS** Realtime's Motions (Case No. 6:16-cv-86, Doc. No. 96; Case No. 6:16-cv-87, Doc. No. 117; Case No. 6:16-cv-89, Doc. No. 124.) as set forth herein**.** The Court **ORDERS** that Realtime's claims as to the '530, '908, and '728 Patents in the above-captioned actions be **SEVERED** into new individual actions. The Clerk of Court shall assign a new case number for the newly severed actions and waive the filing fee for each of the newly-severed cases. The above-captioned actions shall otherwise remain stayed and the Clerk of Court is directed to administratively close the above-captioned cases. A scheduling order will be forthcoming in the newly-severed actions.

**So ORDERED and SIGNED this 27th day of July, 2018.**

*[Signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE