# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>HEWLETT PACKARD ENTERPRISE CO. et al.,<br><br>    Defendants. | **Lead Case No. 6:18-cv-383-RWS-JDL** |

**REALTIME'S OPPOSITION TO SAVVIS/CENTURYLINK'S MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO RULE 12(b)(3) OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. §§ 1400(b) and 1406(a)**

TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II. ARGUMENT......................................................................................................2

  A. Savvis/CenturyLink Admitted Venue Is Proper in the Answer...................2

  B. CenturyLink's Motion Is Untimely at Least Under 28 U.S.C § 1406(b) ....5

  C. CenturyLink Also Waived Through Its Extensive Litigation Conduct over the Past 2.5 Years..........................................................................................6

  D. In the Event the Court Finds Venue Is Improper, Transfer, Not Dismissal, Is the Appropriate Remedy ...........................................................................9

III. CONCLUSION.................................................................................................10

TABLE OF AUTHORITES

**Cases**

*Dietz v. Bouldin*,
   136 S. Ct. 1885 (2016) ................................................................................................. 4

*Dubin v. United States*,
   380 F.2d 813 (5th Cir. 1967) ....................................................................................... 9

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.,LLC*,
   No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ........... 3, 4, 5, 6

*In re Cutsforth, Inc.*,
   No. 2017-135, 2017 WL 5907556 (Fed. Cir. Nov. 15, 2017) ............................................ 4, 5, 9

*In re Micron Tech., Inc.*,
   875 F.3d 1091 (Fed. Cir. 2017) .................................................................................... 1, 8

*Infogation Corp. v. HTC Corp.*,
   No. 16-CV-01902-H-JLB, 2017 WL 2869717 (S.D. Cal. July 5, 2017) .................................... 8

*Intellectual Ventures II LLC v. FedEx Corp.*,
   No. 2:16-CV-00980-JRG, 2017 WL 5630023 (E.D. Tex. Nov. 22, 2017) .................... 2, *passim*

*Koninklijke Philips N.V. v. ASUSTeK Computer Inc.*,
   No. CV 15-1125-GMS, 2017 WL 3055517 (D. Del. July 19, 2017) ......................................... 7

*Neirbo Co. v. Bethlehem Corp.*,
   308 U.S. 165 (1939) ......................................................................................................... 2

*Premiere Network Servs., Inc. v. Pub. Util. Comm'n*,
   No. 3:4-cv-1555-M, 2005 WL 1421404 (N.D. Tex. June 16, 2005 ......................................... 3

*Principal Tech. Eng'g, Inc. v. SMI Companies*,
   No. 4:9-cv-316, 2009 WL 4730609 (E.D. Tex. Dec. 8, 2009) ................................................. 3

*Realtime Data LLC v. NetApp, Inc.*,
   No. 6:16-CV-00961-RWS, 2017 WL 3588047 (E.D. Tex. Aug. 21, 2017) ............................... 7

*TC Heartland v. Kraft Foods Grp. Brands LLC*,
   *137 S. Ct. 1514 (May 22, 2017)* .......................................................................................... 5, 8

*Yeldell v. Tutt*,
   913 F.2d 533 (8th Cir. 1990) ............................................................................................... 6

**Other Authorities**

28 U.S.C. § 1404 ...................................................................................................................... 8

28 U.S.C. § 1406(a) ................................................................................................................. 9

28 U.S.C. § 1400(b) ................................................................................................................. 3

28 U.S.C. § 1406(b) .......................................................................................................... 2, 4, 5

35 U.S.C. § 112 ..................................................................................................................... 1, 7

35 U.S.C. § 286 ...................................................................................................................... 10

**I.      INTRODUCTION**

Two and a half years after this case was filed in February 2016, after two failed attempts to transfer this case for inconvenient venue under § 1404(a), and, after multiple motions, successfully staying this case for over a year, CenturyLink continues its efforts to delay this litigation and now seeks transfer for improper venue under § 1400(b).[1] But CenturyLink waived this defense long ago.

In its answer, CenturyLink expressly admitted that "venue is proper in this District." Case No. 18-384, Dkt. No. 65 ¶ 8. CenturyLink is bound by this admission and thus expressly waived the defense of improper venue. In addition, CenturyLink's motion to dismiss or transfer—filed more than two years after its answer—is untimely at least under 28 U.S.C. § 1406(b), which mandates a "timely and sufficient objection to the venue." Still further, CenturyLink's extensive litigation conduct in this case, including engaging in discovery, engaging in claim construction, and filing a plethora of motions in this case, including a motion to transfer under § 1404(a), a motion to stay, two motions for reconsideration, a letter brief requesting leave to file a motion for summary judgment of indefiniteness under 35 U.S.C. § 112, and various other motions, constitutes a third independent basis for waiver. CenturyLink's conduct gave every indication to Realtime and this Court that CenturyLink was defending this case on the merits. CenturyLink's belated objection to improper venue after such active participation in this litigation, including with respect to the merits of this case, is meritless.

CenturyLink's reliance on the Federal Circuit's decisions in *In re Micron* and *In re Fluidmaster* as purported support for its attempt to avoid waiver is misplaced. The Federal

---

[1] Indeed, Savvis/CenturyLink opposed Realtime's motion to lift the stay despite the fact that all of the IPR proceedings that formed the basis for the stay were concluded.

1

Circuit's holdings in those cases are limited to the waiver provisions of Rule 12. The intervening change in the law exception to waiver is inapplicable here as CenturyLink waived by admitting venue is proper in this District, failing to timely file its motion as required by § 1406(b), and through its extensive litigation conduct—none of which are based on Rule 12. Accordingly, CenturyLink's motion should be denied.

## II. ARGUMENT

Venue is not a jurisdictional requirement, but rather "is regarded as a 'privilege' afforded to defendants, a privilege that may be surrendered 'by failure to assert [an objection] seasonably, by formal submission in a cause, or by submission through conduct.'" *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *2 (E.D. Tex. Nov. 22, 2017) (citing *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 168 (1939)); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").

As set forth below, CenturyLink waived its improper venue defense by (1) admitting in the answer that venue is proper in this District; (2) failing to timely file a motion asserting the defense, and (3) through its conduct in actively litigating this case.

### A. Savvis/CenturyLink Admitted Venue Is Proper in the Answer

In Realtime's complaint against CenturyLink, Inc. (CenturyLink Communications, LLC's parent company) as well as the amended complaint against Savvis,[2] Realtime expressly alleges

---

[2] Realtime originally named CenturyLink, Inc. as defendant in the complaint. On June 13, 2016, CenturyLink, Inc. filed a motion to substitute in Savvis, which was granted on June 14, 2017. *See* Case No. 18-384, Dkt. Nos. 25, 27. On September 7, 2018, Savvis filed a motion to substitute in CenturyLink Communications, LLC. Case No. 18-383, Dkt. No. 125. According to Savvis's motion, "[a]fter the stay of this action, the accused products and services in this action were transferred to related entity CenturyLink Communications, LLC[.]" *Id.* at 1. The Court granted the motion, and CenturyLink Communications, LLC was substituted in for Savvis. Case No. 18-383,

that "[v]enue is proper in this district under 28 U.S.C. . . . [§] 1400(b)."[3] Case No. 18-384, Dkt. No. 20, ¶ 8; Dkt. No. 46, ¶ 8. Savvis admitted in its answer to both the complaint and amended complaint that "venue is proper in this District." Case No. 18-384, Dkt. No. 26 ¶ 8 ("Savvis admits that venue is proper in this district[.]"); Dkt. No. 65 ¶ 8 (same). In light of this express admission, there can be no question that Savvis/CenturyLink waived its venue objection. *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017), *report & rec. adopted*, 2017 WL 4693971 (E.D. Tex. July 31, 2017) (finding defendant "waived its venue defense in its answer to [plaintiff's] complaint . . . by stating that it 'does not contest that venue is proper for [defendant] in this District. . . .' [] [Defendant] has 'fallen victim to the well-settled rule that a party is bound by what it states in its pleadings.'").

CenturyLink's assertion, in a footnote, that this admission does not constitute waiver (Mot. at 5 n.4) is wrong. In *In re Micron* and *In re Fluidmaster*, the Federal Circuit held that the Supreme Court's decision in *TC Heartland* constitutes an intervening change in the law, and therefore the defense of improper venue based on § 1400(b) was not previously "available" for purposes of waiver under Rule 12(h)(1). However, the Federal Circuit emphasized that this holding did *not* apply to non-Rule 12 bases for waiver, and that "apart from Rule 12(g)(2) and (h)(1)(A), district

---

Dkt. No. 129. CenturyLink Communications, LLC and Savvis are referred to herein as "CenturyLink."

[3] To the extent CenturyLink asserts that the complaint is deficient or that venue is improper because the complaint does not plead that CenturyLink is incorporated in Texas or that CenturyLink has a regular and established place of business in Texas (Mot. at 2), CenturyLink is wrong. There is no requirement to plead venue in the complaint. *Principal Tech. Eng'g, Inc. v. SMI Companies*, No. 4:9-cv-316, 2009 WL 4730609, at *2 n.2 (E.D. Tex. Dec. 8, 2009) ("Plaintiff may, but is not required to, plead venue in the complaint."); *Premiere Network Servs., Inc. v. Pub. Util. Comm'n*, No. 3:4-cv-1555-M, 2005 WL 1421404, at *5 (N.D. Tex. June 16, 2005) ("a plaintiff need not allege [in the Complaint] the basis for filing in a particular district court").

3

courts have authority to find forfeiture of a venue objection." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1101 (Fed. Cir. 2017). The intervening change in the law exception to waiver is thus inapplicable here as CenturyLink's waiver by admission is not based on Rule 12. *See Elbit Sys.*, 2017 WL 2651618, at *20.[4]

CenturyLink's reliance on out-of-district decisions is unavailing in light of the Federal Circuit's clear guidance that non-Rule 12 bases for waiver are not limited to when the defense becomes available. Indeed, in another Federal Circuit decision decided on the same day as *In re Micron*, the Federal Circuit held that a district court's failure to consider non-Rule 12 bases for waiver constitutes reversible error. *In re Cutsforth, Inc.*, No. 2017-135, 2017 WL 5907556, at *2 (Fed. Cir. Nov. 15, 2017).[5] Further, in *In re Micron* the Federal Circuit explained that the "Federal Rules of Civil Procedure 'are not all encompassing,'" and there are many other "standard procedural devices" trial courts may use "in service of **Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes**." 875 F.3d at 1100 (citing *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016)) (emphasis added).

---

[4] Realtime anticipates that CenturyLink will argue that *Elbit Systems* is inapplicable because it was decided before the Federal Circuit's decisions in *In re Micron* and *In re Fluidmaster*. But the court in *Elbit Systems* found that, apart from Rule 12, the defendant's admission that venue was proper constituted an independent basis for waiver. 2017 WL 2651618, at *20. This part of the court's order is consistent with *In re Micron* and *In re Fluidmaster* because those cases do not apply to non-Rule 12 bases for waiver.

[5] In *In re Cutsforth*, the district court noted "the waste of judicial resources after five years of litigation, and the burden that must now be imposed on a district unfamiliar with this case," and stated "that [a] transfer will lead to additional cost and delay and unquestionably prejudices [plaintiff]." *In re Cutsforth*, 2017 WL 5907556, at *1. The district court nonetheless held that there was no waiver under Rule 12 because *TC Heartland* was an intervening change in the law and the defense was not previously available to defendant. The Federal Circuit reversed, holding that "[i]n light of *In re Micron*, the district court in the present case here clearly erred in not considering non-Rule 12 bases for waiver raised by [plaintiff]." *Id.* at *2.

This Court has also explained that, pursuant to *In re Micron* and *In re Cutsforth*, "district courts possess an ***inherent power*** to find a venue objection forfeited ***based on conduct or other circumstances***," and that "[t]his forfeiture inquiry is ***not confined to the moment when a new defense becomes available***." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *3 (E.D. Tex. Nov. 22, 2017) (emphasis added); *see also Elbit Sys.*, 2017 WL 2651618, at *20 ("A party's conduct in the course of a proceeding can justify waiver even when the requirements of Rule 12(h)(1) are not satisfied."). Therefore, under this Court's and Federal Circuit precedent, CenturyLink waived its venue defense through its express admission that venue is proper in this District.

### B. CenturyLink's Motion Is Untimely at Least Under 28 U.S.C § 1406(b)

CenturyLink did not did not file its venue motion until more than *2 years* after it answered. Thus, the motion is untimely at least under 28 U.S.C. § 1406(b) which provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose ***timely*** and ***sufficient*** *objection to the venue*" (emphasis added).

CenturyLink's reliance on *In re Micron* as purported support for its argument against waiver is misplaced. As discussed above, the Federal Circuit made clear that "district courts have authority to find forfeiture of a venue objection" apart from Rule 12, including under § 1406(b). *In re Micron*, 875 F.3d at 1091. The Federal Circuit explained that "whereas the waiver rule of Rule 12(g)(2) and (h)(1)(A) requires a focus on the time the *TC Heartland* venue objection was 'available' for the district court to adopt (i.e., on or after May 22, 2017), ***the non-Rule authority's general concern with timeliness is not necessarily so limited***." *Id.* at 1101–02 (emphasis added). Further, the Federal Circuit suggested that in determining timeliness under § 1406(b), courts may take into account "factors other than the sheer time from when the defense becomes available to

5

when it is asserted," including "***efficiency or other interests of the judicial system and of other participants in the case***." *Id.* at 1102.

Transferring this case now, more than 2.5 years after it was filed and after CenturyLink's extensive litigation conduct (addressed below), would be inefficient and would result in a waste of this Court's judicial resources. Transfer would also result in additional delay and cost to Realtime, contravening "Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Id.* at 1100. In light of this inefficiency and undue prejudice to Realtime, the Court should find that CenturyLink's improper venue objection is untimely and waived under § 1406(b).

### C. CenturyLink Also Waived Through Its Extensive Litigation Conduct over the Past 2.5 Years

In addition to CenturyLink's admission that venue is proper in this District and its failure to timely file a motion asserting the defense, CenturyLink also waived its right to challenge venue through its subsequent conduct in litigating case. *See Elbit Sys.*, 2017 WL 2651618, at *20 ("A party's conduct in the course of a proceeding can justify waiver even when the requirements of Rule 12(h)(1) are not satisfied.") (citing *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) ("A delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer.")).

Over the past 2.5 years, CenturyLink has been extremely active in litigating this case, including by meeting and conferring regarding appointment of a mediator, attending scheduling conferences, meeting and conferring and filing joint proposed Docket Control Orders, Discovery Orders, and Protective Orders (Case No. 18-384, Dkt. Nos. 51, 60[6]), serving initial disclosures,

---

[6] More recently on August 21, 2018 in the consolidated case, the parties filed a Joint Motion Regarding Entry of Docket Control Order, Discovery Order, Order Regarding E-Discovery, Protective Order, and Phased Limits Order. Case No. 18-cv-383, Dkt. No. 111.

and engaging in discovery, including document production. CenturyLink also filed numerous motions, including a motion to transfer under § 1404(a) (Case No. 18-384, Dkt. No. 70) and a motion to stay pending *inter partes* review (Case No. 18-384, Dkt. No. 83)—both of which were denied—and a motion for reconsideration of its motion to stay (Case No. 18-384, Dkt. No. 98). CenturyLink also participated extensively in claim construction, including by filing a Joint Motion to Construe More Than 10 Terms wherein Veritas requested that that Court "construe eighteen (18) distinct terms or groups of terms at the *Markman* hearing for these cases." Case No. 18-384, Dkt. No. 91 at 2. Further, after extensive meeting and conferring, CenturyLink filed a Joint Claim Construction and Prehearing Statement setting forth, *inter alia*, the parties' agreed constructions and proposed constructions for disputed terms and supporting evidence. Case No. 18-384, Dkt. No. 93. In addition, CenturyLink filed a letter brief requesting leave to file a motion for summary judgment of indefiniteness under 35 U.S.C. § 112 with respect to the '728 patent. Case No. 18-384, Dkt. No. 99. CenturyLink also opposed Realtime's motion to lift the stay in this case, despite the fact that all of the IPR proceedings which formed the basis for the stay had concluded with final written decisions. *See* Case No. 18-384, Dkt. No. 117, 122.

In light of the foregoing, there can be no question that CenturyLink waived its belated improper venue objection through its litigation conduct. *See, e.g.*, *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-CV-00961-RWS, 2017 WL 3588047, at *1 (E.D. Tex. Aug. 21, 2017) (finding waiver where defendant filed a § 1404(a) motion to transfer, engaged in discovery and claim construction, and "otherwise submitted to venue in this district")[7]; *Koninklijke Philips N.V. v. ASUSTeK Computer Inc.*, No. CV 15-1125-GMS, 2017 WL 3055517, at *1 (D. Del. July 19, 2017)

---

[7] In *Realtime v. NetApp*, the Court rejected the defendant's argument that a substantive or dispositive motion must be brought in order for a court to find waiver based on conduct. 2017 WL 3588047, at *1.

7

(finding defendants' conduct waived any venue defense where defendants "(1) participated in a scheduling conference; (2) conducted discovery, (3) entered into a stipulation and protective order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*"); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017) (finding defendants waived venue challenge by participating in litigation for "approximately a year, including by serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction").

CenturyLink's assertion that "only post-*TC Heartland* conduct should be considered" (Mot. at 6) fails for the same reasons discussed above—non-Rule 12 bases for waiver are "not confined to the moment when a new defense becomes available." *Intellectual Ventures*, 2017 WL 5630023, at *3. Indeed, in *Intellectual Ventures*, which was decided after *In re Micron*, the Court specifically looked to **both** the defendant's pre- **and** post-*TC Heartland* conduct in finding that the defense of improper venue was waived. *Intellectual Ventures*, 2017 WL 5630023, at *3 (noting that "**before *TC Heartland* was decided**, Defendants took several steps indicating that they had relinquished their original venue objection" (emphasis added)). This conduct included a motion to transfer under § 1404, attending hearings, and engaging in discovery "without 'seasonably' asserting their venue objection." *Id.* "Taken together, this conduct 'gave every indication to Plaintiff and this Court that Defendants were defending the case on the merits.'" *Id.* (brackets omitted). The Court thus concluded that "Defendants' venue objection has been waived based on their own conduct, the judicial resources already expended in this case by the Court, [and] the prejudice to Plaintiff in reopening a dormant venue dispute." *Id.* at *4; *see also Realtime*, 2017 WL 3588047, at *1 (finding waiver where defendant filed a § 1404(a) motion to transfer, engaged in discovery and claim construction, and "otherwise submitted to venue in this district").

8

CenturyLink's litigation conduct is at least as extensive, if not more, than that which led to waiver in *Intellectual Ventures* and *NetApp*.

CenturyLink's suggestion that waiver by litigation conduct can only occur where the defendant engages in a "tactical wait-and-see" approach (Mot. at 6) is also wrong. That is only one example "scenario" described by the Federal Circuit as presenting "an obvious starting point for a claim of forfeiture." *In re Micron*, 875 F.3d at 1102. The Federal Circuit did not limit non-Rule 12 waivers to only this scenario. To the contrary, the Federal Circuit broadly suggested, without limitation, that factors such as "efficiency or other interests of the judicial system and of other participants in the case" may be considered in determining waiver. *Id.*; *see also In re Cutsforth*, 2017 WL 5907556, at *1. As discussed above, these interests mandate a finding that CenturyLink has waived its venue objection.

### D. In the Event the Court Finds Venue Is Improper, Transfer, Not Dismissal, Is the Appropriate Remedy

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Fifth Circuit has observed that "[i]f by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'" *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967).

Here, it would be in the interest of justice to transfer this case rather than dismiss it. Because patent damages are limited to the time period starting six years before the complaint was filed, dismissing this case and forcing Realtime to re-file its complaint would unfairly penalize Realtime

9

by reducing the damages period in this case by several years. *See* 35 U.S.C. § 286. Venue was proper in this District under the prevailing law at the time Realtime filed its complaint in February 2016. Therefore, transfer, rather than dismissal, is the appropriate remedy.

### III. CONCLUSION

For the foregoing reasons, CenturyLink's motion to dismiss or transfer for improper venue should be denied.

Respectfully submitted,

By: /s/ C. Jay Chung
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Paul Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
Christian Conkle (CA SB No. 306374)
Email: cconkle@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea Fair
State Bar No. 24078488
E-mail: Andrea@wsfirm.com

**Ward, Smith & Hill, PLLC**
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**Attorneys for Plaintiff
REALTIME DATA LLC d/b/a IXO**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 19, 2018.

/s/ C. Jay Chung