IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 6:18-CV-00383-RWS** |
| v. | § § § | |
| **HEWLETT PACKARD ENTERPRISE CO., ET AL.,** | § § § § | |
| **Defendants.** | | |

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 6:18-CV-00384-RWS** |
| v. | § § § | |
| **VERITAS TECHNOLOGIES LLC, CENTURYLINK COMMUNICATIONS, LLC,** | § § § § § | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Veritas Technologies LLC's ("Veritas") Motion to Transfer for Improper Venue (Doc. No. 107[1]) and CenturyLink Communications, LLC's[2] ("CenturyLink") Motion to Dismiss, or in the Alternative Transfer, for Improper Venue (Doc. No. 120). Plaintiff Realtime Data LLC ("Realtime" or "Plaintiff") has filed responses in opposition. (Doc. Nos. 118, 131.) Veritas has also filed a reply (Doc. No. 122) to which Plaintiff

---

[1] All document citations refer to lead consolidated case number 6:18-cv-00383, unless noted otherwise.
[2] On September 12, 2018, CenturyLink Communications, LLC was substituted for Savvis Communications Corporation ("Savvis"). (Doc. No. 129.)

1

has filed a sur-reply (Doc. No. 130). For the reasons stated herein, the Court **ORDERS** that Veritas and CenturyLink's Motions (Doc. Nos. 107, 120) be **GRANTED** and the claims against Defendants Veritas Technologies LLC and CenturyLink Communications, LLC be transferred to the Northern District of California.

## BACKGROUND

On February 26, 2016, Plaintiff initially filed suit against Veritas and CenturyLink, Inc. alleging infringement of U.S. Patent Nos. 7,161,506, 9,054,728, 8,643,513, and 9,116,908. (Case No. 6:16-cv-00087-RWS-JDL, Doc. No. 1.; Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 1.) On June 14, 2016, Savvis Communications Corporation was substituted for CenturyLink, Inc. (Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 27.) On August 15, 2016, Plaintiff amended their Complaint to additionally allege infringement of U.S. Patent No. 7,415,530. (Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 46.) In this action, Savvis/CenturyLink is accused of infringement based on their status as a customer and user of Veritas's alleged infringing products. (Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 1.)

In April and May 2016, Veritas, Savvis, and various parties in related actions began filing petitions for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), seeking cancellation of multiple claims of the Asserted Patents pursuant to 35 U.S.C. § 311 and 37 C.F.R. §§ 42.1 *et seq*. On February 3, 2017, the Court granted Defendants' motions to stay these actions pending IPR. (Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 106.) Since that time, the Court has sought regular status updates from the parties, however, no substantive litigation conduct has otherwise occurred during the pendency of the stay. (Case No. 6:18-cv-00384-RWS-JDL, Doc. Nos. 110, 119.) On July 27, 2018, in response to the PTAB issuing final written decisions finding that the

Petitioners did not show by a preponderance of the evidence that the asserted claims of the '908, '530, and '728 Patents are unpatentable, the Court lifted the stay with respect to claims relating to the '908, '530, and '728 Patents and severed claims relating to these Patents into a new action. (Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 123.) The Court subsequently consolidated the severed claims with Case Number 6:18-cv-00383-RWS-JDL for pretrial purposes. (Case No. 6:18-cv-00384-RWS-JDL, Doc. No. 124.)

On August 15, 2018, Veritas filed its Motion to Transfer for Improper Venue. (Doc. No. 107.) On August 21, 2018, the Parties submitted a Joint Motion regarding entry of a Docket Control Order, Discovery Order, Order Regarding E-Discovery, Protective Order, and Phased Limits Order and the Court thereafter held a scheduling conference on August 23, 2018 regarding these matters. (Doc. Nos. 111, 113.) Within the Joint Motion, both Veritas and Savvis reference their objection to improper venue, and expressly disclaim any waiver of a challenge to improper venue. (Doc. No. 111, at 2 n.2.) On September 04, 2018, Savvis filed its Motion to Dismiss, or in the Alternative Transfer, for Improper Venue (Doc. No. 120). On September 12, 2018, CenturyLink was substituted for Savvis. (Doc. No. 129.)

**LEGAL STANDARD**

In a case involving alleged patent infringement, venue is proper: (1) in the district in which the defendant resides; or (2) in a district where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1517 (2017). With respect to whether a defendant has a regular and established place of business, courts seek to discern "whether the corporate defendant does its business in that district through a permanent

3

and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Recently, the Federal Circuit revisited *Cordis* and § 1400(b) and found that three requirements must exist for venue to be proper: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). Procedurally, a defendant may move to dismiss an action for improper venue under Federal Rule of Civil Procedure 12(b)(3) or alternatively seek to transfer the case pursuant to 28 U.S.C. § 1406(a). When faced with a challenge to improper venue, a court retains discretion to transfer the case to any district in which the case could have been brought if "it be in the interest of justice." 28 U.S.C. § 1406(a).

Under the Federal Rules of Civil Procedure, a defendant may, however, waive an improper venue defense under three circumstances: (1) by failing to move under Rule 12; (2) by failing to object "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course"; or (3) by moving under Rule 12 for reasons other than venue without also objecting to venue.[3] Fed. R. Civ. P. 12(h)(1). Recently, the Federal Circuit determined that *TC Heartland* was an intervening change in law, as, "[t]he venue objection [pursuant to 28 U.S.C. § 1400(b)] was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or transfer for lack of venue." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1096 (Fed. Cir. 2017). Thus, pre-*TC Heartland* conduct may not serve as a basis for waiver pursuant to Rule 12(h)(1). *In re Micron Tech., Inc.*, 875 F.3d at 1100 (rejecting waiver under Rule 12(h)(1)(A)); *In re Fluidmaster, Inc.*, No. 2018-109, slip op. at 2 (Fed. Cir. Jan. 17, 2018) (nonprecedential) (rejecting waiver under Rule 12(h)(1)(B)(ii)); *Nichia Corp. v. Vizio, Inc.*, No. 2:16-cv-01453-JRG, Doc. No. 220 at 9 (E.D. Tex. Feb. 1, 2018) ("[T]he Federal Circuit has held that . . . *all* of

---

[3] The circumstances described under Rule 12(h)(1) are sometimes referred to as "rule-based waiver."

the rule-based waiver arguments, including, notably, [Plaintiff's] waiver-by-prior-admission-under-Rule-12(h)(1)(B)(ii) argument, are excepted under the intervening change of law which *TC Heartland* constituted." (emphasis in original)).

Furthermore, a court may find forfeiture of an improper venue defense based upon non-rule-based waiver. 28 U.S.C. § 1406(b) (requiring an objection to venue to be "timely and sufficient"); *In re Micron Tech., Inc.*, 875 F.3d at 1100–02 (recognizing that Rule 12(h)(1) is not the exclusive grounds for waiver of a venue defense); *In re Cutsforth, Inc.*, No. 2017-135, 2017 WL 5907556, at *2 (Fed. Cir. Nov. 15, 2017) (requiring district courts to consider non-Rule 12 bases for waiver). Litigation conduct, undue delay, and the stage of the proceedings (i.e. venue objections presented close to trial) may justify forfeiture of an improper venue defense. *In re Micron Tech., Inc.*, 875 F.3d at 1100–02; *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 5630023, at *3 (E.D. Tex. Nov. 22, 2017). Non-rule-based waiver is intended to prevent defendants from engaging in a "tactical wait-and-see" approach or gamesmanship and improper "circumvent[ion]" of rights granted by statute or Rule. *In re Micron Tech., Inc.*, 875 F.3d at 1101–02 (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016)); *Nichia Corp.*, No. 2:16-cv-01453-JRG, Doc. No. 220 at 10 ("Defendants may not keep an improper venue defense up their sleeve to spring on a plaintiff (and a trial court) once they perceive that a case is turning against them."). A court's forfeiture inquiry should begin and focus on a defendant's post-*TC Heartland* conduct. *Intellectual Ventures II LLC*, 2017 WL 5630023, at *3 ("[T]he Federal Circuit has suggested that the forfeiture inquiry should at least start with an examination of the 'time from when the defense becomes available to when it is asserted . . . .'" (quoting *In re Micron Tech., Inc.*, 875 F.3d at 1102)); *Nichia Corp.*, No. 2:16-cv-01453-JRG, Doc. No. 220 at 10 ("*In re Micron*'s caution regarding gamesmanship relates to

post-*TC Heartland* conduct." (emphasis in original)); *Uniloc USA, Inc., et al. v. Ubisoft, Inc.*, No. 2:16-cv-00781-RWS, Doc. No. 45 at 5–7 (E.D. Tex. Mar. 29, 2018) ("[Plaintiffs have] not pointed to any sufficient evidence that [Defendant's] conduct after *TC Heartland* constituted a non-Rule 12-based waiver of its improper venue defense.").

**DISCUSSION**

Veritas and CenturyLink argue venue is improper in this district, as both entities are neither organized under Texas law, nor have a regular and established place of business in this district. (Doc. Nos. 107, 120.) In its responses in opposition, Plaintiff does not contest Veritas and CenturyLink's claim that venue is improper in this district. (Doc. Nos. 118, 131.) Instead, Plaintiff argues that Veritas and CenturyLink have waived their improper venue defense. (Doc. Nos. 118, 131.)

First, Plaintiff argues that Veritas and CenturyLink waived their improper venue defense under Federal Rule of Civil Procedure 12(h)(1)(B) by failing to include their objection to venue in their responsive pleading or a Rule 12(b) motion prior to filing their responsive pleading. (Doc. Nos. 118 at 5–7; 131 at 5–7.). Plaintiff argues that *In re Micron* concerned Rule 12(h)(1)(A), rather than Rule 12(h)(1)(B). Plaintiff's argument, however, is unpersuasive. Courts have extended the same principle articulated in *In re Micron* to apply similarly to Rule 12(h)(1)(B). *In re Fluidmaster, Inc.*, No. 2018-109, slip op. at 2 (Fed. Cir. Jan. 17, 2018) (nonprecedential) (rejecting waiver under Rule 12(h)(1)(B)(ii)); *Nichia Corp. v. Vizio, Inc.*, No. 2:16-cv-01453-JRG, Doc. No. 220 at 9 (E.D. Tex. Feb. 1, 2018) ("[T]he Federal Circuit has held that . . . *all* of the rule-based waiver arguments, including, notably, [Plaintiff's] waiver-by-prior-admission-under-Rule-12(h)(1)(B)(ii) argument, are excepted under the intervening change of law which *TC Heartland* constituted." (emphasis in original)). When evaluating waiver under

Rule 12(h)(1), courts must only consider post-*TC Heartland* conduct. *Id.* Plaintiff identifies no post-*TC Heartland* conduct that would give rise to waiver under Rule 12(h)(1). Accordingly, Plaintiff's argument of rule-based waiver under Rule 12(h)(1) is without merit.

Plaintiff further argues that non-rule-based waiver is applicable in the instant case. Generally, Plaintiff raises two arguments for non-rule-based waiver. First, Plaintiff argues that the time elapsed since filing the Complaint (over 2.5 years) and the stage of the proceedings justify waiver under the § 1406(b) requirement that an objection to improper venue be "timely and sufficient." (Doc. Nos. 130 at 2–4; 131 at 8–9.) The Federal Circuit has suggested in dicta that non-rule-based waiver may apply when a venue objection is "presented close to trial" or after 5 years of litigation requiring extensive judicial resources. *In re Micron Tech., Inc.*, 875 F.3d 1091, 1102 (Fed. Cir. 2017); *In re Cutsforth, Inc.*, No. 2017-135, 2017 WL 5907556, at *1 (Fed. Cir. Nov. 15, 2017). This, however, is not reflective of the instant case. While the instant action has been pending since February 26, 2016, for over half of that time period—between February 3, 2017 and July 27, 2018—the case was stayed pending IPR. Furthermore, the case is still in the early stages of discovery and trial is over a year away. (Doc. No. 115.) In the instant case, taken alone, the time elapsed since filing the Complaint and the stage of the proceedings do not justify non-rule-based waiver.

Plaintiff also argues that Veritas and CenturyLink's litigation conduct justify non-rule-based waiver. Plaintiff cites to various litigation conduct engaged in by Veritas and CenturyLink over the course of the litigation. (Doc. Nos. 118 at 8–11; 131 at 9–12.) However, the only post-*TC Heartland* conduct cited by Plaintiff is the Parties submission of a Joint Motion Regarding Entry of Docket Control Order, Discovery Order, Order Regarding E-Discovery, Protective

Order, and Phased Limits Order ("Joint Docket Control Motion").[4] (Doc. Nos. 118 at 8 n.3; 131 at 9 n.6.) Relying primarily upon *Intellectual Ventures II LLC v. FedEx Corp.*[5] ("*Intellectual Ventures*"), Plaintiff argues that the Court should consider Veritas and CenturyLink's pre-*TC Heartland* litigation conduct when accessing waiver. Nonetheless, in *Intellectual Ventures* the court recognized "the Federal Circuit has suggested that the forfeiture inquiry should at least start with an examination of the 'time from when the defense becomes available to when it is asserted . . . .'" *Intellectual Ventures II LLC*, 2017 WL 5630023, at *3 (quoting *In re Micron Tech., Inc.*, 875 F.3d at 1102); *see also Nichia Corp.*, No. 2:16-cv-01453-JRG, Doc. No. 220 at 10 ("*In re Micron*'s caution regarding gamesmanship relates to post-*TC Heartland* conduct." (emphasis in original)); *Uniloc USA, Inc., et al. v. Ubisoft, Inc.*, No. 2:16-cv-00781-RWS, Doc. No. 45 at 5–7 (E.D. Tex. Mar. 29, 2018) ("[Plaintiffs have] not pointed to any sufficient evidence that [Defendant's] conduct after *TC Heartland* constituted a non-Rule 12-based waiver of its improper venue defense."). The instant case is also distinguishable from the facts in *Intellectual Ventures*. In *Intellectual Ventures* after *TC Heartland* was decided, "Defendants continued actively litigating [the] case for months," and it was "not until a few days after [Defendants'] IPR petitions were denied and more than two months after *TC Heartland* was decided that Defendants finally sought to dismiss [the] case for improper venue." *Intellectual Ventures II LLC*, 2017 WL 5630023, at *3. The facts of *Intellectual Ventures* reflect the type of gamesmanship and "tactical wait-and-see" approaches the Federal Circuit cautioned against in *Micron*. *In re Micron Tech., Inc.*, 875 F.3d at 1101–02.

---

[4] The Joint Docket Control Motion (Doc. No. 111) was submitted on August 21, 2018, after Veritas filed its venue objection, but prior to Savvis/CenturyLink's objection.
[5] *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 5630023 (E.D. Tex. Nov. 22, 2017).

This same kind of gamesmanship is not present in the instant case. The Supreme Court decided *TC Heartland* on May 22, 2017. At that time, the instant case was stayed pending decisions on the IPR petitions. Since that time Veritas and Savvis/CenturyLink have only submitted Joint Status Reports (Case No. 6:18-cv-00384-RWS-JDL, Doc. Nos. 110, 119) and a Joint Docket Control Motion (Doc. No. 111). Moreover, within the Joint Docket Control Motion, both Veritas and CenturyLink reference their objection to improper venue, and expressly disclaim any waiver of a challenge to improper venue. (Doc. No. 111, at 2 n.2.) After the stay was lifted on July 27, 2018, both Veritas and CenturyLink promptly filed their Motions. The timing of Veritas and CenturyLink's Motions do not suggest they are a tactical ploy based upon some development in the litigation or aimed at circumventing any rights granted to the Parties or any decision of this Court. Veritas and CenturyLink's post-*TC Heartland* litigation conduct is insufficient to give rise to non-rule-based waiver.

Accordingly, the Court finds that venue for Veritas and CenturyLink is improper in this district and neither Veritas nor CenturyLink has waived their right to object to improper venue. When a court finds venue is improper for a case filed in its district, it may either, "dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Veritas requests this case be transferred to the Northern District of California, where it claims venue is proper. (Doc. No. 107, at 12–13.) CenturyLink requests this case be dismissed, or alternatively transferred to the Northern District of California, where it claims venue is proper. (Doc. No. 120, at 12–14.) Plaintiff does not contest that venue is proper in the Northern District of California. (Doc. Nos. 118, 131.) In response to CenturyLink's request for dismissal, Plaintiff argues that should the Court find venue improper, the interest of justice favors that the case be transferred rather than dismissed. (Doc.

No. 131, at 12–13 (citing *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967)).) Specifically, Plaintiff argues that if forced to refile, Plaintiff would be penalized by not being able to collect 2.5 years of damages. (Doc. No. 131, at 12–13 (citing 35 U.S.C. § 286).) The Court agrees that the interest of justice supports transfer. Further, the Court finds that Veritas and CenturyLink's uncontested representations suggest venue is proper in the Northern District of California. 28 U.S.C. § 1400(b).

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Defendants Veritas's Motion to Transfer for Improper Venue (Doc. No. 107) and CenturyLink's Motion to Dismiss, or in the Alternative Transfer, for Improper Venue (Doc. No. 120). The Court **ORDERS** Case Number 6:18-cv-00384-RWS-JDL be **UNCONSOLIDATED** from lead case 6:18-cv-00383-RWS-JDL. The Court **FURTHER ORDERS** that Case Number 6:18-cv-00384-RWS-JDL be **TRANSFERRED** to the Northern District of California**.**

**So ORDERED and SIGNED this 24th day of September, 2018.**

*[Signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE